1  LOUIS A. HIGHMAN, ESQ., State Bar No. 61703
   LAWRENCE BALL, ESQ., State Bar No. 60496
2  HIGHMAN, HIGHMAN & BALL
   A Professional Law Association
3  870 Market Street, Suite 467
   San Francisco, CA 94102
4  Telephone:  (415) 982-5563
   Facsimile:  (415) 982-5202
5
   Attorneys for Plaintiff Fikret Ashkar
6

7

8
                  United States District Court
9
                Northern District of California
10
                    San Francisco Division
11

12
   FIKRET ASHKAR,                    No. C 07-04236 JCS
13
        Plaintiff,
14                                    PLAINTIFF FIKRET ASHKAR'S
                                      NOTICE OF MOTION AND
15                                    MOTION TO REMAND
        -v-                           CASE TO SUPERIOR COURT;
16                                    AND PLAINTIFF'S MEMORANDUM
   TGC 24 HOUR TRUCK REPAIR          OF POINTS AND AUTHORITIES
17 INC.; TGC TRUCK REPAIR, INC;      IN SUPPORT OF MOTION TO
   DOES I-XX,                         REMAND CASE TO SUPERIOR
18                                    COURT

19                                    DATE OF HEARING: 10-19-
        Defendants.                                    2007
20                                    TIME:  9:30 A.M.
                                      CTRM:   Courtroom A,
21                                             15th Floor
                                      JUDGE:  HON. JOSEPH C.
22 _____/                   SPERO

23

24

25

26

27

28

   _____
   Notice of Motion to Remand; Memorandum of P. & A. - No. C 07-4236 JCS

# TABLE OF CONTENTS

PAGES

I.   STATEMENT OF ISSUES....................................1

II.  STATEMENT OF FACTS.....................................2

III. ARGUMENT..............................................6

    A.   LEGAL STANDARD REGARDING REMOVAL BASED ON
        ALLEGED FEDERAL QUESTION AND ALLEGED
        PREEMPTION BASED ON LMRA SECTION 301..............6

    B.   PLAINTIFF'S CLAIM THAT DEFENDANTS
        VIOLATED THE CALIFORNIA FAIR EMPLOYMENT
        AND HOUSING ACT DOES NOT RAISE A FEDERAL
        QUESTION SUBJECT TO REMOVAL, AND IS NOT
        PREEMPTED BY THE COLLECTIVE BARGAINING
        AGREEMENT OR THE LABOR MANAGEMENT
        RELATIONS ACT (LMRA) OR ANY OTHER FEDERAL
        STATUTE...........................................9

    C.   CLAIMS FOR WAGES BROUGHT UNDER THE CALIFORNIA
        LABOR CODE, INCLUDING CLAIMS BROUGHT
        UNDER CALIFORNIA LABOR CODE SECTION 203,
        ARE NOT PREEMPTED BY PROVISIONS OF A
        COLLECTIVE BARGAINING AGREEMENT OR THE
        LMRA OR OTHERWISE, AND DO NOT RAISE
        A FEDERAL QUESTION SUBJECT TO REMOVAL...........16

IV.  CONCLUSION...........................................17

1

<u>TABLE OF CONTENTS</u>

2

<u>CASES</u>                                                    <u>PAGES</u>

3
Ackerman v. W. Elec. Co.
860 F.2d 1514 (9th Cir. 1988)..........................15
4

Balcorta v. 20th Century Fox Film Corp.
5    69 F.Supp.2d 1195 (C.D. California 1998)................17

6    Ben. Nat'l Bank v. Anderson
539 U.S. 1 (2003)........................................7
7

Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.
8    407 F.Supp.2d 1107 (C.D. California 2005)...............17

9    Burnside v. Kiewit Pacific Corp.
491 F.3d 1053 (9th Cir. 2007)......................13, 17
10

Caterpillar, Inc. v. Williams
11    482 U.S. 386 (1987)...................................6, 7

12    Chmiel v. Beverly Wilshire Hotel Co.
873 F.2d 1283 (9th Cir. 1989)..........................15
13

Cook v. Lindsay Olive Growers
14    911 F.2d 233 (9th Cir. 1990)...........................15

15    Cramer v. Consolidated Freightways, Inc.
255 F.3d 683 (9th Cir. 2001)..........................7, 8
16

Detabali v. St. Luke's Hospital
17    482 F.3d 1199 (9th Cir. 2007)..........................14

18    Gaus v. Miles, Inc.
980 F.2d 564 (9th Cir. 1992)............................6
19

Gregory v. SCIE, LLC
20    317 F.3d 1050 (9th Cir. 2003)..........................17

21    Humble v. Boeing Company
305 F.3d 1004 (9th Cir. 2002).......................11, 12
22

Industrial Welfare Commission v. Superior Court
23    27 Cal.3d 690 (1980)...................................17

24    Jackson v. Southern California Gas Company
881 F.2d 638 (9th Cir. 1988)...........................16
25

Jimeno v. Mobil Oil Corporation
26    66 F.3d 1514 (1995)....................9, 10, 11, 14

Livadas v. Bradshaw
27    512 U.S. 107 (1994)..................................8, 17

28

Lumper v. Boeing Corporation
77 Fed. Appx. 946 (9th Cir. 2003)........................16

Miller v. AT&T Network Systems
850 F.2d 543 (9th Cir. 1988)............................16

Ramirez v. Fox Television Station
998 F.2d 743 (9th Cir. 1993)............................15

Schrader v. Noll Manufacturing Company
91 Fed.Appx. 553 (9th Cir. 2004)........................15

St. Paul Mercury Indem. Co. v. Red Cab Co.
303 U.S. 283 (1938).....................................6

Termianl Ass'n v. Trainmen
318 U.S. 1 (1943).......................................17

CALIFORNIA STATUTES

Government Code § 12920..............................9, 11

Government Code § 12920.5............................9, 11

Government Code § 12921..............................9, 11

Government Code § 12940(a)...............................3

Government Code § 12940(h)...............................3

Government Code § 12940(m)...............................3

Government Code § 12940(n)...............................3

Labor Code § 201.....................................4, 16

Labor Code § 203.................................4, 7, 8, 16

Labor Code § 218.16....................................16

FEDERAL STATUTES

28 U.S.C. Section 1441(b)................................2

29 U.S.C.A. Section 185.................................7

-ii-

**NOTICE OF MOTION TO REMAND**

1

2 TO ALL PARTIES AND TO OTHEIR ATTORNEYS OF RECORD:

3 PLEASE TAKE NOTICE that on Friday, October 19, 2007 in

4 courtroom 12 on the 19th floor of the above-entitled Court,

5 U.S. Courthouse, 450 Golden Gate Avenue, San Francisco,

6 California, the Hon. Joseph C. Spero presiding, plaintiff will

7 move the above-entitled Court for an order remanding the

8 above-entitled case to the Superior Court of California,

9 County of San Francisco.  The motion will be made pursuant to

10 28 U.S.C. Section 1447 on grounds that the case should be

11 remanded because the U.S. District Court has no subject matter

12 jurisdiction over this case.  The motion will be based on this

13 notice of motion, the memorandum of points and authorities

14 appearing below, the Declaration of Fikret Ashkar in Support

15 of Motion to Remand Case to Superior Court, and all papers on

16 file herein.

17 DATED:  September 14, 2007.

18                          LOUIS A. HIGHMAN
                            LAWRENCE BALL
19                          HIGHMAN, HIGHMAN & BALL

20

21                          By
                               Attorneys for Plaintiff
22                             FIKRET ASHKAR

23 **MEMORANDUM OF POINTS AND AUTHORITIES**

24 I. **STATEMENT OF ISSUES**

25 The issues to be decided in this motion to remand are:

26    1.  Whether this Court should order this case remanded

27 to the Superior Court of California, County of San Francisco.

28

1

1    2.    Whether this Court has subject matter jurisdiction
2 of this case, based on defendants' claim, made in its Notice
3 of Removal of Action Pursuant to 28 U.S.C. Section 1441(b),
4 that plaintiff's claims allegedly raised a federal question
5 subject to removal and that plaintiff's claims were completely
6 preempted.

7 **II. STATEMENT OF FACTS**

8    Plaintiff filed a complaint in Superior Court of the
9 State of California for the County of San Francisco on
10 November 30, 2007 against defendants TGC 24 Hour Truck Repair,
11 Inc., TGC Truck Repair, Inc., and Does I-XX, CGC-07-464703.
12 The complaint alleged that the defendants were both California
13 corporations with their principal place of business in San
14 Francisco, California.    Defendant TGC 24 Hour Truck Repair,
15 thereafter filed a Notice of Removal of the action to U.S.
16 District Court, alleging it was also counsel for TGC Truck
17 Repair, Inc. and that it would be appearing on behalf of TGC
18 Truck Repair, Inc. (after it was served), and indicating it
19 had the consent in filing the Notice of Removal of TCG Truck
20 Repair, Inc. (Plaintiff has actually served both named
21 defendants--see Declaration of Louis A. Highman in Support of
22 Motion to Remand--although only defendant TGC 24 Hour Truck
23 Repair, Inc. has made a formal appearance as of this time.)

24    Defendants do not deny they are both California
25 businesses, and do not claim any diversity jurisdiction.

26    Rather the grounds set forth by defendants in their
27 notice of removal are that plaintiff's claims allegedly raise

28

2

1  a federal question subject to removal and that plaintiff's
2  claims are completely preempted, allegedly because there was a
3  collective bargaining agreement in effect, and plaintiff was a
4  member of the union which entered into a collective bargaining
5  agreement with defendants, and was subject to the collective
6  bargaining agreement. Defendants argue that the fact that
7  plaintiff was a member of the union which entered into a
8  collective bargaining agreement with the employer somehow
9  means there is a federal question involved in plaintiff's
10 state law causes of action, and completely preempts
11 plaintiff's state law claims. Defendants have not submitted a
12 copy of the collective bargaining agreement to the Court
13 (which it refers to in its notice of removal as the basis for
14 removal, but does not attach). Plaintiff Fikret Ashkar is
15 attaching a copy of the collective bargaining agreement
16 referenced by defendants in his supporting declaration filed
17 with this motion.

18     Plaintiff has brought two causes of action in his
19 complaint on file herein.

20     The first claim is violation of the California Fair
21 Employment and Housing Act, and specifically the provisions of
22 California Government Code Section 12940(a), (m), (n), and
23 (h)—disability discrimination, failure to grant reasonable
24 accommodation for disability, failure to engage in interactive
25 process re disability, and retaliation for opposing practices
26 forbidden under the California Fair Employment and Housing
27 Act, i.e., plaintiff was terminated because he had opposed

28

3

1  defendants' attempts to deny allowing him a reasonable
2  accommodation for disability and had opposed defendants'
3  discriminating against him related to his disability.

4      The second claim brought by plaintiff is for statutory
5  penalties owing him under California Labor Code Section 203
6  for failure to pay wages owing him in a timely manner at the
7  time of his termination. California Labor Code Section 201
8  required that all wages owing plaintiff be paid him
9  immediately at the time of his termination (on or about August
10 15, 2006), but he did not receive all wages owing him until on
11 or about September 6, 2006, and under California Labor Code
12 Section 203 he is entitled to a statutory penalty for the late
13 payment of these wages.

14     Neither of these two state law claims (violation of FEHA
15 and claim for statutory penalties owing based on Cal. Labor
16 Code Section 203--the only claims brought by plaintiff in this
17 case--are subject to any federal question, or preempted in any
18 way by any collective bargaining agreement or federal statute.

19     In the state court complaint (CGC-07-464703, now removed
20 to this Court), plaintiff, a mechanic, alleged that after he
21 was injured and became disabled, he could then only work,
22 based on doctor's orders, with certain work restrictions in
23 terms of type of work he could do and weight he could lift
24 because of his disability. He further alleges that defendants
25 ignored the doctor's orders to grant him a reasonable
26 accommodation for his disability, and refused to grant him a
27 reasonable accommodation for his disability. Plaintiff

28

4

1  further alleges that he protested defendants' refusal to grant

2  him this reasonable accommodation for his disability, and

3  defendants engaged in retaliatory conduct and terminated him.

4  Plaintiff alleges he was terminated because of disability

5  discrimination, and related to his having sought a reasonable

6  accommodation for his disability, and in retaliation for his

7  having opposed defendants' discrimination against him related

8  to his disability and his attempt to continue to seek a

9  reasonable accommodation for his disability and engage in an

10 interactive process to determine a reasonable accommodation,

11 all in violation of the California Fair Employment and Housing

12 Act's prohibition of disability discrimination (including

13 reasonable accommodation requirements) and the Act's

14 prohibition of retaliation for opposing discriminatory

15 practices.

16   Plaintiff is attaching to his declaration a copy of the

17 collective bargaining agreement referred to in defendants'

18 notice of removal, and upon which defendants are basing their

19 removal. As can be seen, the collective bargaining agreement

20 in question does not address disability discrimination, does

21 not address in any way reasonable accommodation for a

22 disability, and does not address retaliation against a person

23 for opposing disability discrimination. No provision in the

24 collective bargaining agreement has to be interpreted or

25 applied in order to decide whether a reasonable accommodation

26 for disability was granted, whether an employee was terminated

27 because of a motivation of disability discrimination, what

28

5

1  procedure  should  be  followed  to  determine  a  reasonable
2  accommodation  for  disability,  or  whether  an  employee  was
3  terminated   or   otherwise   treated   adversely   because   of
4  retaliation   against   him   for   opposing   a   practice   of
5  discrimination  prohibited  by  the  California  Fair  Employment
6  and  Housing  Act  (such  as  disability  discrimination  provisions
7  of  the  Act).

8  **III.  ARGUMENT**

9      **A.   LEGAL  STANDARD  REGARDING  REMOVAL  BASED  ON  ALLEGED
   FEDERAL  QUESTION  AND  ALLEGED  PREEMPTION  BASED  ON  LMRA  SECTION
10  301**

11      A  defendant  is  entitled  to  remove  to  federal  court  any
12  civil  action  over  which  the  federal  court  has  original
13  jurisdiction.   However,  the  Ninth  Circuit  strictly  construes
14  the  removal  statute  against  removal  jurisdiction.  <u>Gaus  v.</u>
15  <u>Miles,  Inc.</u>,  980  F.2d  564,  566  (9th  Cir.  1992).  "The  'strong
16  presumption'  against  removal  jurisdiction  means  that  the
17  defendant  always  has  the  burden  of  establishing  that  removal
18  is  proper."  Id.,  quoting  from  <u>St.  Paul  Mercury  Indem.  Co.  v.</u>
19  <u>Red  Cab  Co.</u>,  303  U.S.  283,  288-90  (1938).

20      "The   presence   or   absence   of   federal   question
21  jurisdiction  is  governed  by  the  'well-pleaded  complaint  rule,'
22  which  provides  that  federal  jurisdiction  exists  only  when  a
23  federal  question  is  presented  on  the  face  of  the  plaintiff's
24  properly  pleaded  complaint."   <u>Caterpillar,  Inc.  v.  Williams</u>,
25  482  U.S.  386  (1987).

26      A  defense  of  preemption  does  not  create  federal  question
27  jurisdiction.   (See  <u>Caterpillar,  Inc.  v.  Williams</u>,  482  U.S.

28

6

1    386, 388-389 (1987); <u>Ben. Nat'l. Bank v. Anderson</u>, 539 U.S. 1
2    (2003) [federal defense raised by defendant in preemption case
3    does not justify removal].    In the Ninth Circuit en banc
4    decision of <u>Cramer v. Consolidated Freightways, Inc.</u>, 255 F.3d
5    683 (9th Cir. 2001 (en banc), the Court stated that, "[t]he
6    plaintiff's claim is the touchstone for this analysis; the
7    need to interpret the CBA must inhere in the nature of the
8    plaintiff's claim.    If the claim is plainly based on state
9    law, Section 301 pre-emption is not mandated simply because
10    the defendant refers to the CBA in mounting a defense."
11        Defendants in the case herein are apparently arguing
12    that the Labor Management Relations Act (LMRA), Section 301,
13    29 U.S.C.A. Section 185 preempts (a) plaintiff's state law
14    claim for violation of the California Fair Employment and
15    housing Act; and (b) plaintiff's state law claim for penalties
16    owed for defendants' failure to pay him his last paycheck at
17    the time he was terminated (Cal. Labor Code Section 203).
18        Section 301 of the LMRA governs claims founded directly
19    on rights created by collective bargaining agreements, and
20    also claims substantially dependent on analysis of a
21    collective bargaining agreement.    <u>Caterpillar, Inc. v.</u>
22    <u>Williams</u>, 482 U.S. 386. 394 (1987).  The LMRA does not preempt
23    an employee's independent freestanding state rights.   Id., at
24    395.    However, if the resolution of a state law claim
25    substantially depends on an analysis of a collective
26    bargaining agreement, the application of state law is
27    preempted.   Significantly, though, the "bare fact that a
28

7

1    collective-bargaining agreement will be consulted in the

2    course of state law litigation plainly does not require the

3    claim to be extinguished". Livadas v. Bradshaw, 512 U.S. 107,

4    124 (1994) [specifically holding that Cal. Labor Code Section

5    203, which is the same section of law at issue in our case in

6    the second cause of action, is not preempted by the LMRA].

7    Moreover, a court may also look to the CBA for numerous other

8    purposes (including, without limitation, to determine whether

9    it contains a clear and unmistakable waiver of state law

10   rights) without triggering Section 301 preemption. See Cramer

11   v. Consolidated Freightways, Inc., 25F.3d 683, 692 (9th Cir.

12   2001).

13       Essentially, state law claims are preempted by the LMRA

14   only if a court must interpret, rather than merely refer to or

15   examine, a collective bargaining agreement, such that the

16   state law claim is substantially dependent on analysis of a

17   collective bargaining agreement. Courts have also held that

18   state law claims based on non-negotiable rights based on

19   public policy are not preempted.

20       Significantly, in this regard, courts have consistently

21   held that claims for violation of the California Fair

22   Employment and Housing Act such as the one plaintiff has

23   brought, and claims for wage and hour violations under the

24   California Labor Code (including Cal. Labor Code Section 203,

25   which is the exact California Labor Code claim brought in our

26   case) are not preempted by the LMRA, and do not invoke a

27   federal question, and that motions to remand pertaining

28

8

1  thereto should be granted.

2    **B.   PLAINTIFF'S CLAIM THAT DEFENDANTS VIOLATED THE**
**CALIFORNIA FAIR EMLOYMENT AND HOUSING ACT DOES NOT RAISE A**
3  **FEDERAL QUESTION SUBJECT TO REMOVAL, AND IS NOT PREEMPTED BY**
**THE COLLECTIVE BARGAINING AGREEMENT OR THE LABOR MANAGEMENT**
4  **RELATIONS ACT (LMRA) OR ANY OTHER FEDERAL STATUTE**

5    In Jimeno v. Mobil Oil Corporation, 66 F.3d 1514 (1995),

6  the Ninth Circuit held that the federal Labor Management

7  Relations Act did not preempt a claim under the California

8  Fair Employment and Housing Act for physical disability

9  discrimination in employment, since such a claim for violation

10  of the Fair Employment and Housing Act was not substantially

11  dependent on analysis of the collective bargaining agreement.

12    Moreover, independently, the Court in Jimeno, id., held

13  that the State of California did not show any intent to allow

14  its prohibition on disability discrimination under the

15  California Fair Employment and Housing Act to be altered or

16  removed by private contract (such as a CBA), which was a

17  prerequisite for a discrimination claim to be preempted under

18  the federal Labor Management Relations Act, since the Fair

19  Employment and Housing Act explicitly established the right to

20  employment without discrimination based on disability as being

21  the public policy of the state. (See, e.g., Cal. Gov't. Code

22  Sections 12920, 12920.5, and 12921.)

23    The Court in Jimeno, id., indicated it was significant

24  that the collective bargaining agreement in the case, though

25  establishing physical fitness examinations as a condition of

26  employment, was silent regarding possible management responses

27  when an employee was determined to be unfit to continue in a

28

9

1  position without work restrictions.

2      The Court in Jimeno, id., also pointed out that
3  significantly no requirement was set forth in the collective
4  bargaining agreement therein regarding determination of
5  reasonableness of any adjustments to employee work load or
6  work environment to accommodate those with work restrictions,
7  and also pointed out that the collective bargaining agreement
8  in the case was silent regarding ways that management might
9  restructure positions to modify workload or design specific
10 arrangements to accommodate employees who were capable of
11 working with certain restrictions.

12     The Court in Jimeno, id., also noted that the CBA
13 referred to in the case did not require resolution of physical
14 fitness questions through an exclusive grievance procedure.

15     It also noted that the employee's prima facie case under
16 the California Fair Employment and Housing Act in the case
17 could be evaluated without reference to the collective
18 bargaining agreement in the case (which collective bargaining
19 agreement did not refer to reasonable accommodation), and that
20 statutory and regulatory standards of FEHA provided means to
21 determine reasonable accommodation, without reference to the
22 collective bargaining agreement.  The Court in Jimeno, id.,
23 pointed out that the employer had terminated the employee
24 therein without exploring other options to accommodate the
25 employee, and that the collective bargaining agreement was
26 only peripherally relevant to evaluation of hardship to the
27 employer.

28
                              10

1    Additionally, the Court in Jimeno stated that the State
2    of California did not show any intent to allow its prohibition
3    on disability discrimination under the California Fair
4    Employment and Housing Act to be altered or removed by private
5    contract, which would be a prerequisite for a discrimination
6    claim to be preempted under the federal Labor Management
7    Relations Act, since the Fair Employment and Housing Act
8    explicitly established right to employment without
9    discrimination based on disability as being the public policy
10   of the state.   (See, e.g., Cal. Gov't. Code Sections 12920,
11   12920.5, and 12921.)

12   Similarly, in Humble v. Boeing Company, 305 F.3d 1004
13   (9th Cir. 2002), the plaintiff brought a motion to remand a
14   state law discrimination claim brought under the State of
15   Washington's anti-discrimination law, including a claim for
16   failure to provide reasonable accommodation for disability and
17   a claim for retaliation related to her requesting reasonable
18   accommodation for disability.   The Court in Humble, id., held
19   that the state discrimination/retaliation law claim made
20   therein was not preempted by the Labor Management Relations
21   Act for a variety of reasons.   Among other things, the Court
22   stated that reliance on CBA provisions to defend against an
23   independent state law claim, such as the Washington state
24   anti-discrimination law, did not trigger Section 301
25   preemption.   The Court also stated that the state law claim
26   was based on non-negotiable duties under Washington law (not
27   to discriminate or retaliate), and so did not "substantially

28

                                11

1  depend" upon application and interpretation of any CBA terms.

2  The Court in *Humble*, *id.*, also noted that there was a

3  range of accommodation for a disability the employer might

4  have provided which would not have required interpreting the

5  terms of the CBA.  The CBA referred to in the *Humble* case did

6  have a transfer provision, but the Court noted that a transfer

7  governed by the CBA's bidding process was only one of the

8  available options for reasonable accommodation for disability,

9  and did not preclude other reasonable accommodations not

10  covered by the CBA.  (In our case, a transfer provision is not

11  even addressed in the CBA, let alone numerous other reasonable

12  accommodations that could have been made by defendants.  Nor

13  did plaintiff in our case seek a transfer; rather he sought a

14  reasonable accommodation as to lifting, motion, and weight

15  issues which would have involved some modification, for a

16  while, in his assignments, which could have been accommodated,

17  and which type of accommodation was not addressed in the

18  collective bargaining agreement in our case at all.  In fact,

19  no reasonable accommodations were addressed in the collective

20  bargaining agreement at all in our case.)

21  The Court in *Humble*, *id.*, made clear that, "There is no

22  dispute that the duty to reasonably accommodate workers is

23  non-negotiable under Washington law", and accordingly was not

24  preempted by any provisions of the collective bargaining

25  agreement or the LMRA.

26  The collective bargaining agreement in our case does not

27  address at all the issue of reasonable accommodation, nor the

28

12

1   type of reasonable accommodation for disability plaintiff was
2   seeking, nor does it contain any bargained for disability
3   discrimination provisions. Nor does it address retaliation.
4   The state law claims simply do not depend at all in any
5   respect on interpretation and application of the collective
6   bargaining agreement, let alone substantially depend thereon.

7       In fact, very significantly, the collective bargaining
8   agreement in our case specifically defers to the California
9   state law on disability discrimination as being controlling,
10  stating, that "The Company will abide by all State and federal
11  laws regarding handicapped and disabled persons." (See page
12  14, Section 29.1, CBA, Ex. 1 to Ashkar declaration.)

13      Thus, the independent statutory duty under the
14  California Fair Employment and Housing Act to reasonably
15  accommodate and not discriminate against an employee because
16  of discrimination, and not to retaliate against him for
17  opposing such discriminatory practices, governs, and the legal
18  requirement thereof can be determined without dependence on
19  the collective bargaining agreement; and the CBA in our case
20  in fact specifically defers to the state anti-discrimination
21  law as being controlling in this regard and not modified by,
22  or dependent on, any provisions of the collective bargaining
23  agreement. (See e.g., Burnside v. Kiewit Pacific Corp., 491
24  F.3d 1053 (9th Cir. 2007) ["Agreements 1, 4, and 5, at best,
25  merely confirm that they confer upon employees the same right
26  already conferred upon them by state law.  As the Court
27  explained in Lingle, "[T]he mere fact that a broad contractual

28

13

1  protection. . . may provide a remedy for conduct that
2  coincidentally violates state-law does not make the existence
3  of the contours of the state law violation dependent upon the
4  terms of the private contract." See 486 U.S. at 412-13, 108
5  S.Ct. 1877."]

6  　　Moreover, as the Ninth Circuit held in Jimeno, supra,
7  the State of California has not shown any intent to allow its
8  prohibition on disability discrimination under the California
9  Fair Employment and Housing Act to be altered or removed by
10 private contract (such as a CBA). Rather, the California Fair
11 Employment and Housing Act explicitly established the right to
12 employment without discrimination based on disability (as well
13 as other bases) as being the public policy of the state, and
14 accordingly, a discrimination claim brought under FEHA cannot
15 be preempted under the federal Labor Management Relations Act,
16 or governed by a collective bargaining agreement's provisions
17 instead of by independent state legal standards.

18 　　Courts in the Ninth Circuit have consistently held that
19 state law discrimination claims under the California Fair
20 Employment and Housing Act do not require courts to interpret
21 the terms of a collective bargaining agreement and are
22 therefore not preempted by the LMRA. (See, e.g., Detabali v.
23 St. Luke's Hospital, 482 F.3d 1199 (9th Cir. 2007) [claims for
24 racial and national origin discrimination, and for
25 retaliation, brought under FEHA were not preempted by LMRA,
26 even though the claims depended on whether employee was
27 terminated for refusing to work outside of her assigned
28

14

1   duties, and the court was required to refer to CBA to make

2   such determination, since there was no dispute over the

3   meaning of the terms in the CBA, and resolution of the central

4   issues did not depend on interpretation of the CBA]; Ackerman

5   v. W. Elec. Co., 860 F.2d 1514, 1517 (9th Cir. 1988) [finding

6   of no Section 301 preemption of FEHA disability discrimination

7   claim because the right not to be discriminated against

8   because of physical handicap is "defined and enforced under

9   state law without reference to the terms of any collective

10  bargaining agreement"); Chmiel v. Beverly Wilshire Hotel Co.,

11  873 F.2d 1283, 1286-87 (9th Cir. 1989) [finding no Section 301

12  preemption of FEHA age discrimination claim because the

13  statute creates a "mandatory and independent state right"];

14  Cook v. Lindsay Olive Growers, 911 F.2d 233, 240 (9th Cir.

15  1990) [finding no Section 301 preemption of FEHA religious

16  discrimination claim because "the right not to be

17  discriminated against on the basis of religion cannot be

18  removed by private contract"]; Ramirez v. Fox Television

19  Station, 998 F.2d 743, 749 (9th Cir. 1993) [finding no Section

20  301 preemption of FEHA national origin discrimination claim

21  where plaintiff alleged that the defendant discriminated

22  against her by failing to promote her and denying her

23  preferred assignments, even though promotion and job

24  assignment were explicitly governed by the CBA]; Schrader v.

25  Noll Manufacturing Company, 91 Fed.Appx. 553 (9th Cir. 2004)

26  [age and disability claims brought under FEHA not preempted by

27  LMRA]; Jackson v. Southern California Gas Company, 881 F.2d

28

15

1  638 (9th Cir. 1988) [race discrimination claim under FEHA not
2  preempted by LMRA].)   See also, Lumper v. Boeing Corporation,
3  77 Fed. Appx. 946 (9th Cir. 2003) [state anti-discrimination
4  law provisions do not necessarily require CBA interpretation,
5  and these state law rights are not negotiable, and so are not
6  subject to LMRA preemption]; See also Miller v. AT&T Network
7  Systems, 850 F.2d 543 (9th Cir. 1988) [claim under Oregon
8  anti-discrimination state law not preempted by LMRA].

9      **C.  CLAIMS FOR WAGES BROUGHT UNDER THE CALIFORNIA LABOR CODE, INCLUDING CLAIMS BROUGHT UNDER CALIFORNIA LABOR CODE SECTION 203, ARE NOT PREEMPTED BY PROVISIONS OF A COLLECTIVE BARGAINING AGREEMENT OR THE LMRA OR OTHERWISE, AND DO NOT RAISE A FEDERAL QUESTION SUBJECT TO REMOVAL**

12      The other claim plaintiff has brought is for violation
13  of Cal. Labor Code Section 203, which provides for up to a 30-
14  day continuation of wages penalty against an employer which
15  does not pay its employee his/her final paycheck immediately
16  at the time of termination.   (Cal. Labor Code Section 201
17  establishes the requirement that an employee receive payment
18  of all wages owed to him immediately upon termination; Cal.
19  Labor Code Section 203 prescribes the penalty for failing to
20  comply with Cal. Labor Code Section 201; and Cal. Labor Code
21  Section 218, permits an employee to file a civil action to
22  seek wages and penalties owing under the California Labor
23  Code--in this case a penalty authorized under California Labor
24  Code Section 203).

25      Courts have consistently held that wage and hour claims
26  brought under the California Labor Code, and including
27  specifically claims brought pursuant to California Labor Code

28

Notice of Motion to Remand; Memorandum of P. & A. - No. C 07-4236 JCS

1  Section 203, are not preempted by the LMRA, and do not raise a
2  federal question subject to removal, and that such a claim is
3  not removable to federal court.  (See Livadas v. Bradshaw, 512
4  U.S. 107 (1994); Bonilla v. Starwood Hotels & Resorts
5  Worldwide, Inc., 407 F.Supp.2d 1107 (C.D. California 2005);
6  Balcorta v. 20th Century Fox Film Corp., 69 F.Supp.2d 1195
7  (C.D. California 1998); Gregory v. SCIE, LLC, 317 F.3d 1050
8  (9th Cir. 2003); Burnside v. Kiewit Pacific Corporation, 491
9  F.3d 1053 (9th Cir. 2007).  In fact, state wages and hours
10  laws in the California Labor Code override any provisions to
11  the contrary in a collective bargaining agreement (assuming
12  arguendo there was any overriding of such state law California
13  Labor Code provisions in this case in the CBA, which there are
14  not).  (See, e.g., Industrial Welfare Commission v. Superior
15  Court, 27 Cal.3d 690, 725-729 (1980); Terminal Ass'n v.
16  Trainmen, 318 U.S. 1, 6-7 (1943).

17  **IV. CONCLUSION**

18      For all the aforesaid reasons, this Court should grant
19  the motion to remand, and order this case remanded to the
20  Superior Court of California, County of San Francisco.

21      This Court does not have subject matter jurisdiction of
22  this case, or any other type of jurisdiction.  Plaintiff's
23  claims do not raise a federal question subject to removal, and
24  there is no preemption of this case by the LMRA, or in any
25  other respect.

26  /

27  /

28

17

DATED: September 14, 2007.

LOUIS A. HIGHMAN, ESQ.
LAWRENCE BALL, ESQ.
HIGHMAN, HIGHMAN & BALL

By
Attorneys for Plaintiff
Fikret Ashkar

18