Norman La Force, State Bar #102772
Fortune, Drevlow, O'Sullivan & Hudson
560 Mission Street, 21st Floor
San Francisco, CA 94105
(415) 227-2300

Attorneys for Defendants
TGC Truck Repair, Inc. and
TGC 24-Hour Truck Repair, Inc.
sued herein as TGC 24 Hour Truck Repair, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIKRET ASHKAR,<br><br>　　　　Plaintiff/Respondent,<br><br>vs.<br><br>TGC 24 HOUR TRUCK REPAIR INC.; TGC TRUCK REPAIR, INC., Does I-XX,<br><br>　　　　Defendants/Petitioners. | Case No.: C 07-4236 JCS<br><br>ANSWER OF TGC TRUCK REPAIR, INC. |

Defendant TGC Truck Repair, Inc. answers plaintiff's complaint as follows:

**FIRST DEFENSE**

1. In answer to paragraph 1 of the complaint, defendant admits that plaintiff Fikret Askar was employed as a mechanic for TGC Truck Repair, Inc. in 2006 and as to all other allegations contained in paragraph 1 of the complaint, denies each of those allegations.

2. In answer to paragraph 2 of the complaint, defendant admits the allegations contained in paragraph 2 of the complaint.

3. In answer to paragraph 3 of the complaint, defendant states that paragraph 3 is a verbatim copy of paragraph 2 and therefore defendant has already responded to the allegations contained in paragraph 3.

-1-

4. In answer to paragraph 4 of the complaint, defendant lacks sufficient information or believe to admit or deny any of these allegations and on that basis denies each allegation contained in paragraph 4.

5. In answer to paragraph 5 of the complaint, defendant denies each allegation contained in paragraph 5.

6. In answer to paragraph 6 of the complaint, defendant admits that plaintiff claims he suffered an injury while at work on May 22, 2006 but as to all other allegations contained in paragraph 6 of the complaint, defendant lacks sufficient information or belief to answer or deny any of those allegations and on that basis denies each allegation.

7. In answer to paragraph 7 of the complaint, defendant admits that plaintiff reported an incident on May 22, 2006 to Service Manager Randy Scott, but as to all other allegations contained in paragraph 7, denies each allegation.

8. In answer to paragraph 8 of the complaint, defendant denies each allegation contained in paragraph 8.

9. In answer to paragraph 9 of the complaint, defendant denies each allegation contained in paragraph 9.

10. In answer to paragraph 10 of the complaint, defendant denies each allegation contained in paragraph 10.

11. In answer to paragraph 11 of the complaint, defendant denies each allegation contained in paragraph 11.

12. In answer to paragraph 12 of the complaint, defendant denies each allegation contained in paragraph 12.

13. In answer to paragraph 13 of the complaint, defendant denies each allegation contained in paragraph 13.

14. In answer to paragraph 14 of the complaint, defendant denies each allegation contained in paragraph 14.

15. In answer to paragraph 15 of the complaint, defendant denies each allegation contained in paragraph 15.

16. In answer to paragraph 16 of the complaint, defendant denies each allegation contained in paragraph 16.

17. In answer to paragraph 17 of the complaint, defendant denies each allegation contained in paragraph 17.

18. In answer to paragraph 18 of the complaint, defendant denies each allegation contained in paragraph 18.

19. In answer to paragraph 19 of the complaint, defendant denies each allegation contained in paragraph 19.

20. In answer to paragraph 20 of the complaint, defendant denies each allegation contained in paragraph 20.

21. In answer to paragraph 21 of the complaint, defendant lacks sufficient information or belief to answer or deny each allegation and on that basis denies each allegation contained in paragraph 21.

22. In answer to paragraph 22 of the complaint, defendant denies each allegation contained in paragraph 22.

23. In answer to paragraph 23 of the complaint, defendant denies each allegation contained in paragraph 23.

24. In answer to paragraph 24 of the complaint, defendant denies each allegation contained in paragraph 24.

25. In answer to paragraph 25 of the complaint, defendant denies each allegation contained in paragraph 25.

26. In answer to paragraph 26 of the complaint, defendant lack sufficient information or belief to admit or deny each allegation and on that basis denies each allegation contained in paragraph 26.

27. In answer to paragraph 27 of the complaint, defendant denies each allegation contained in paragraph 27.

28. In answer to paragraph 28 of the complaint, defendant denies each allegation contained in paragraph 28.

29. In answer to paragraph 29 of the complaint, defendant denies each allegation contained in paragraph 29.

30. In answer to paragraph 30 of the complaint, defendant denies each allegation contained in paragraph 30.

31. In answer to paragraph 31 of the complaint, defendant denies each allegation contained in paragraph 31.

32. In answer to paragraph 32 of the complaint, defendant denies each allegation contained in paragraph 32.

33. In answer to paragraph 33 of the complaint, defendant lacks sufficient information or belief to admit or deny each allegation and on that basis denies each allegation contained in paragraph 33.

34. In answer to paragraph 34 of the complaint, defendant admits that plaintiff scheduled himself without authorization for training classes in Los Angeles and did so in violation of company policies and rules, but as to all other allegations contained in paragraph 34, defendant denies all other allegations in paragraph 34.

35. In answer to paragraph 35 of the complaint, defendant denies each allegation contained in paragraph 35.

36. In answer to paragraph 36 of the complaint, defendant admits that it terminated plaintiff for violating company policies and rules, but as to all other allegations, defendant lacks sufficient information or belief to admit or deny each allegation and on that basis, defendant denies all other allegations contained in paragraph 36.

37. In answer to paragraph 37 of the complaint, defendant denies each allegation contained in paragraph 37.

38. In answer to paragraph 38 of the complaint, defendant denies each allegation contained in paragraph 38.

39. In answer to paragraph 39 of the complaint, defendant denies each allegation contained in paragraph 39.

40. In answer to paragraph 40 of the complaint, defendant denies each allegation contained in paragraph 40.

41. In answer to paragraph 41 of the complaint, defendant denies each allegation contained in paragraph 41.

42. In answer to paragraph 42 of the complaint, defendant lacks sufficient information or belief to admit or deny each allegation and on that basis defendant denies each allegation contained in paragraph 42.

43. In answer to paragraph 43 of the complaint, defendant denies each allegation contained in paragraph 43.

44. In answer to paragraph 44 of the complaint, defendant denies each allegation contained in paragraph 44.

45. In answer to paragraph 45 of the complaint, defendant denies each allegation contained in paragraph 45.

46. In answer to paragraph 46 of the complaint, defendant denies each allegation contained in paragraph 46.

47. In answer to paragraph 47 of the complaint, defendant denies each allegation contained in paragraph 47.

48. Paragraph 48 of plaintiff's complaint re-alleges and incorporates by reference each allegation contained in paragraphs 1 through 41 of the complaint, therefore, defendant re-alleges and incorporates by reference herein each answer to paragraphs 1 through 41 of the complaint as though fully set forth herein.

49. In answer to paragraph 49 of the complaint, defendant denies each allegation contained in paragraph 49.

50. In answer to paragraph 50 of the complaint, defendant denies each allegation contained in paragraph 50.

51. In answer to paragraph 51 of the complaint, defendant denies each allegation contained in paragraph 51.

52. In answer to paragraph 52 of the complaint, defendant denies each allegation contained in paragraph 52.

53. In answer to paragraph 53 of the complaint, defendant denies each allegation contained in paragraph 53.

## SECOND DEFENSE

54. Plaintiff's complaint and each cause of action therein fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

55. Plaintiff's complaint and each claim for relief or cause of action therein is barred by the application of the Code of Civil Procedure §335.1.

## FOURTH DEFENSE

56. Plaintiff has failed to mitigate damages and to the extent of his failure to mitigate damages, any damages awarded to plaintiff should be reduced accordingly.

## FIFTH DEFENSE

56. Any conduct of defendant or defendant's agents that is alleged to be unlawful was taken as a result of conduct by the plaintiff and, therefore, plaintiff is estopped to assert any cause of action or claim for relief against defendant.

## SIXTH DEFENSE

57. Plaintiff's injuries, if any, were legally caused in whole or in part, by plaintiff's own negligent or intentional acts or omissions.

## SEVENTH DEFENSE

58. Plaintiff's complaint and each claim for relief or cause of action is time barred by California Labor Code §98.7.

## EIGHTH DEFENSE

59. Plaintiff's complaint and each claim for relief or cause of action is barred to the extent that plaintiff has failed to exhaust his administrative remedies available to him under the California Fair Employment and Housing Act.

## NINTH DEFENSE

60. Plaintiff's complaint and each claim for relief or cause of action is barred to the extent plaintiff seeks relief for conduct occurring more than 365 days prior to the filing of an administrative charge under the provisions of the California Fair Employment and Housing Act.

## TENTH DEFENSE

61. Defendant is unable to reasonably accommodate plaintiff's alleged physical disability, which such disability is denied, without undue hardship to its operation.

## ELEVENTH DEFENSE

62. The conduct alleged and described in plaintiff's complaint is necessary to the safe and efficient operation of defendant's business and there is no other practice that reasonably would serve the same purpose.

## TWELFTH DEFENSE

63. Defendant was justified in discharging plaintiff with plaintiff's alleged disability, which such disability is denied, because even with reasonable accommodations plaintiff cannot perform his essential duties at all or cannot perform those duties in a manner that would not endanger his health or safety or that of others.

## THIRTEENTH DEFENSE

64. The conduct that plaintiff alleges in his complaint is justified by a bona fide occupational qualification and is one that is reasonably necessary to the normal operation of defendant's business.

## FOURTEENTH DEFENSE

65. Plaintiff's complaint and each claim for relief or cause of action is barred because plaintiff's claims are covered under collective bargaining agreements between

defendant and plaintiff's union. As a result, plaintiff's claims are pre-empted by federal labor laws. A true and correct copy of the collective bargaining agreements are attached to the answer of TGC 24-Hour Truck Repair, Inc. as Exhibits A and B which was previously filed and served in this action and incorporated by reference herein.

### FIFTHTEEN DEFENSE

66. Plaintiff's complaint and each claim for relief or cause of action is barred by the terms and conditions of the collective bargaining agreements referred to in this answer requiring arbitration of any and all of plaintiff's claims in that plaintiff has agreed through the collective bargaining agreement that all disputes arising out of plaintiff's employment are to be resolved through arbitration.

### SIXTEENTH DEFENSE

67. Plaintiff's complaint and each claim for relief or cause of action is barred because plaintiff has failed to exhaust his remedies under the collective bargaining agreements referred to in this answer.

### SEVENTEENTH DEFENSE

68. Plaintiff's complaint and each claim for relief or cause of action is barred because by operation of res judicata and collateral estoppel in that plaintiff had s relief from his claims pursuant to the collective bargaining agreements referred to in this answer and the procedures for adjudicating those claims under those agreements and had his claims adjudicated.

### EIGHTEENTH DEFENSE

69. Defendant had a valid business reason for discharging plaintiff.

### PRAYER

Wherefore, defendant requests the following relief:

1. That plaintiff take nothing by this action;
2. That judgment of dismissal be entered in favor of defendant;
3. That defendant be awarded costs of suit incurred and attorneys' fees;

4. That defendant be awarded such other and further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

To the extent that any of plaintiff's claims are tried, defendant TGC Truck Repair, Inc. demands a trial by jury.

Dated: 9/15/07

Fortune, Drevlow, O'Sullivan & Hudson

By: _____
Norman La Force
Attorney for Defendants
 TGC Truck Repair, Inc. and
TGC 24-Hour Truck Repair, Inc. sued
herein as TGC 24 Hour Truck Repair, Inc.